**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ALBERTO CONCEPCION,**

**Plaintiff,**

**v.**

**HOWMET AEROSPACE, INC., HOWMET CASTING & SERVICES, INC., PILAR TORRES, and KISHAN PATEL,**

**Defendants.**

**Civil Action No. 26-1657 (MEF) (JSA)**

**REPORT AND RECOMMENDATION**

**JESSICA S. ALLEN, U.S.M.J.**

Before the Court is *pro se* Plaintiff's Motion for Miscellaneous Relief, (ECF No. 6), which the Court previously ruled it would construe as a motion to remand. (*See* Order of 4/2/26, ECF No. 10). Defendants oppose the motion. (ECF No. 7). The Honorable Michael E. Farbiarz, U.S.D.J. referred the motion to the Undersigned for a Report and Recommendation. No oral argument was heard. *See* Fed. R. Civ. P. 78(b). Having considered the parties' written submissions, for the reasons set forth below and for good cause shown, the Court respectfully recommends that the motion be **DENIED**.

As best can be gleaned from the Notice of Removal and Complaint, this action appears to stem from Defendants' alleged actions in connection with Plaintiff's termination from employment and post-termination claim for unemployment benefits. (*See* Notice of Removal ("NOR") ¶ 10 & Compl. ¶¶ 8-27; ECF Nos. 1 & 1-3). Plaintiff generally asserts that Defendants' conduct gives rise to claims under state law as well as 42 U.S.C. §§ "1983, 1985, 1986, and 1988," and a "Stipulated Contract Agreement" that he formed with Defendants pursuant to the Contract Clause, U.S. Const.

art. I, § 10. (*See* Compl. at 1 & ¶¶ 27, 34, 36, 39-41). Defendants removed the case on February 19, 2026, claiming federal question jurisdiction based on the Complaint's express assertion of federal claims. (NOR ¶¶ 7-8).

On March 11, 2026, Plaintiff filed the instant motion, asking this Court to remand the matter to state court (ECF No. 6, ¶ 8) because the Court lacks "jurisdiction" over his case (*id.*, ¶ 1). Though recognizing that his claims purportedly arise under federal law, (*see id.* at 2-3), Plaintiff argues that state and federal courts' jurisdiction "overlap[]," and, thus, he may choose to file this lawsuit in state court. (*Id.* at 2, 4).

In opposition, Defendants primarily argue that to the extent the motion is construed as seeking remand, denial is warranted because the Complaint facially pleads claims arising under violations of federal law and that the Court can exercise supplemental jurisdiction over the state law claims. (ECF No. 7 at 4-5). Because the Court possesses original jurisdiction over Plaintiff's federal questions, his "original choice" to sue in state court did not prohibit Defendants from removing the case to federal court. (*Id.* at 6-7).

The federal removal statute states that, "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action "arises under federal law" if "federal law creates the cause of action" or if "the plaintiff's right to relief necessarily" requires resolving "a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983).

The presence of federal question jurisdiction is determined by examining the plaintiff's "well-pleaded complaint." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *see also Franchise Tax Bd.*, 463 U.S. at 9. Pursuant to the "well-pleaded complaint rule," a "plaintiff is ordinarily entitled to its chosen state-court forum so long as its complaint does not allege a federal claim on its face." *Est. of Maglioli v. Andover Subacute Rehab. Ctr. I*, 478 F. Supp. 3d 518, 524 (D.N.J. 2020) (citing *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995)). To that end, a plaintiff is the "master of the claim," and may "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The basis for jurisdiction "must be disclosed upon the face of the complaint, unaided by" any responsive pleading "or by the petition for removal." *U.S. Express Lines, LTD. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (citation omitted); *see Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019).

The Court finds that the Complaint facially asserts both federal and state law claims. Plaintiff does not dispute this fact. He alleges that Defendants' conduct violated his rights under federal statutes and the Constitution. (*See* Compl. at 1 and ¶¶ 27, 34, 36, 39-41). Accordingly, Defendants were permitted to remove the case based on federal question jurisdiction. *See Parrish v. Hudson Sch.*, 2026 U.S. Dist. LEXIS 106197, at *7 (D.N.J. May 13, 2026) (finding federal questions adequately pled when the complaint "expressly allege[d] violations of § 1983," other federal statutes, and the U.S. Constitution). The Court recognizes that Plaintiff might prefer to prosecute these claims in his originally chosen forum. (*See* ECF No. 6 ¶ 8). However, as Defendants correctly point out, a "[p]laintiff's preference to proceed in state court 'is not a sufficient basis to justify a remand'" when "the federal court has subject-matter jurisdiction." *Ibrahim v. Emrich*, 2024 U.S. Dist. LEXIS 141416, at *4 (D.N.J. Aug. 8, 2024); *e.g., Wunsch v.*

*Borough of Englewood Cliffs*, 2026 U.S. Dist. LEXIS 76937, at *4-6 (D.N.J. Apr. 7, 2026) (denying remand when the plaintiff pleaded §§ 1983 and 1985 claims "that were properly removable to this Court," even if "state courts have concurrent jurisdiction over" such claims). As this Court finds that it has subject matter jurisdiction over this case, remand is not warranted.

**CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the motion to remand be **DENIED**. The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Michael E. Farbiarz, U.S.D.J.

Further, it is **ORDERED** that the Clerk of Court shall **TERMINATE** the Motion pending at ECF No. 6 and activate this Report and Recommendation for the District Court's review.

**s/Jessica S. Allen**
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

**Dated: July 14, 2026**

cc: Hon. Michael E. Farbiarz, U.S.D.J.